IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN deM. JENNINGS, | * |
| Plaintiff, | * |
| v. | * |
| FROSTBURG STATE UNIVERSITY, *et al.*, | *   Case No.: 1:21-cv-00656-ELH |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants Frostburg State University ("FSU"), Board of Regents of the University System of Maryland (the "Board"), University System of Maryland ("USM"), State of Maryland, and Ronald H. Nowaczyk, Ph.D. ("President Nowaczyk"), by their undersigned counsel, submit this reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss.

**INTRODUCTION**

In this employment dispute, Plaintiff asserts that Defendants discriminated against him on the basis of his disability, failed to accommodate his disability, and retaliated against him for engaging in protected activity in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 ("MFEPA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). On March 22, 2021, Defendants filed a Partial Motion to Dismiss (ECF No. 12) in which they established that the Board and USM should be dismissed from this employment dispute because Plaintiff's complaint is devoid of any factual allegations that either the Board or USM employed Plaintiff. Additionally, Defendants argued that President Nowaczyk should be dismissed in both his Official and individual capacities because neither Section 504 nor

the MFEPA permit individual liability.

On April 6, 2021, Plaintiff filed an Opposition in response to Defendants' Partial Motion to Dismiss (ECF No. 16-1, "Pl. Opp.") in which Plaintiff contends that the Board and USM are proper defendants because they are capable of being sued and that the MFEPA permits individual liability.  As described below, Plaintiff's arguments are misplaced and cannot salvage his claims against the Board, USM and President Nowaczyk from dismissal.  First, the MFEPA's private right of action is limited to suits against employers and President Nowaczyk does not fall within the MFEPA's definition of employer.  Additionally, Plaintiff has failed to allege that the Board or USM were Plaintiff's employer or had any involvement in Plaintiff's employment.  For these reasons, as well as those in Defendants' Memorandum of Law in Support of their Partial Motion to Dismiss (ECF No. 12-1, "Def. Mem."), the Court should grant Defendants' Partial Motion to Dismiss and dismiss the Board, USM and President Nowaczyk from this action.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS AGAINST PRESIDENT NOWACZYK SHOULD BE DISMISSED BECAUSE NEITHER THE REHABILITATION ACT NOR MFEPA ALLOW FOR INDIVIDUAL LIABILITY.**

Defendants established that Plaintiff's claims against President Nowaczyk should be dismissed because neither Section 504 nor the MFEPA provide allow claims against individual defendants in either their Official or individual capacities.  (Def. Mem. at 3-4.)

In response, Plaintiff essentially concedes that Section 504 prohibits individual liability (Pl. Opp. at 12), but contends that the MFEPA allows for individual liability against President Nowaczyk because it contains provisions that prohibit discriminatory acts by State personnel (*see* State Gov't § 20-901) and prohibit persons from aiding, abetting, inciting, compelling or coercing other persons in the commission of discriminatory acts, among other things (*see* State Gov't § 20-

801). (Pl. Opp. at 9-12.)  Plaintiff's contentions are misplaced, however, because MFEPA's private right of action is limited to suits against "employers" and President Nowaczyk does not fall within the definition of "employer" under the MFEPA.

Specifically, under the MFEPA, the only private right of action available to individual complainants, like Plaintiff, is found in State Gov't § 20-1013, which provides that "a complainant may bring a civil action against the respondent alleging an unlawful employment practice" if the complainant has exhausted his administrative remedies and the civil action is filed within two years of the alleged unlawful employment practice.  State Gov't § 20-1013(a).[1]  Section 1013 does not provide for a private right of action in connection with alleged violations of any other provision of the MFEPA other than for "unlawful employment practice[s]." *Id.*

The term "unlawful employment practice," in turn, is defined as "an act that is prohibited under [State Gov't § 20-606]."  State Gov't § 20-1001.  The term does not reference any other provision of the MFEPA.  Therefore, reading Sections 20-1013(a) and 20-1001 together, the MFEPA only provides for a private cause of action for an alleged violation of State Gov't § 20-606.

State Gov't § 20-606 provides, in relevant part, that "[a]n *employer* may not . . . fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's . . . disability . . . ."  State Gov't § 20-606(a)(1)(i) (emphasis added).  Additionally,

---

[1] The MFEPA also authorizes the Maryland Commission on Civil Rights (the "Commission") to bring civil actions on behalf of itself and the parties in cases where the Commission has found probable cause to believe that a respondent has engaged in an unlawful employment practice and the parties are unable to reach an agreement to remedy and eliminate the unlawful practice. Md. Code Ann., State Gov't § 20-1007. MCCR has not filed an action in this matter. Therefore, this case arises solely under the private cause of action provisions of Section 20-1013 of the State Government Article.

State Gov't § 20-606 prohibits an "*employer*" from "fail[ing] or refus[ing] to make a reasonable accommodation for the known disability of an otherwise qualified employee" and from retaliating against an employee for engaging in protected activity. State Gov't §§ 20-606(a)(4); 20-606(f) (emphasis added).

Under the MFEPA, "employer" is defined in relevant part as "a person that . . . is engaged in an industry or business" and "has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year" or "an agent of [such] a person." State Gov't § 20-601(d)(1). The MFEPA's definition of "employer" is virtually identical to the definition set forth in Title VII, which is the federal analog to the MFEPA. *See* 42 U.S.C. § 2000e(b); *see also Taylor v. Giant of Md., LLC*, 423 Md. 628, 652 (2011) ("Title VII is the federal analog to [MFEPA] and our courts traditionally seek guidance from federal cases in interpreting [MFEPA].") (citation and internal quotation marks omitted).

Accordingly, courts interpreting Title VII and the MFEPA have both found that the statutes' definition of "employer" does not provide for individual liability. For instance, in *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998), the Fourth Circuit held that the definition of "employer" under Title VII can only logically be read to mean that "supervisors are not liable in their individual capacities for Title VII violations." Similarly, in *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602 (2005), the Court of Special Appeals of Maryland examined the back pay provision in the MFEPA (which at that time was codified as Article 49B of the Maryland Code) and found that, consistent with the Fourth Circuit's decision in *Lissau*, the definition of "employer" under the MFEPA does not permit individual liability against supervisors

for back pay.  *Shabazz*, 163 Md. App. at 629-30.[2]

As a result, this Court's recent ruling in *Ensor v. Jenkins*, Civ. A. No. ELH-20-1266, 2021 WL 1139760, at *18 (D. Md. Mar. 25, 2021), that "there is no individual liability under the [MFEPA]" because "the [MFEPA] analysis tracks that of Title VII" was correctly decided.  The Court should dismiss Plaintiff's Section 504 and MFEPA claims against President Nowaczyk.

## II.   THE COURT SHOULD DISMISS THE BOARD AND USM BECAUSE THEY DID NOT EMPLOY PLAINTIFF.

Defendants demonstrated that the Court should dismiss the Board and USM because Plaintiff has not alleged any factual allegations that either entity employed Plaintiff.  (Def. Mem. at 2-3.)  In particular, although Plaintiff asserts that FSU is "overseen and administered" by the Board and USM (Compl. at ¶ 2), he does not allege that either the Board or USM were involved in any of the challenged personnel actions at issue in this case.

In his opposition, Plaintiff cites to *Jean v. Bd. of Regents of the Univ. Sys. of Md.*, Civ. A. No. WDQ-13-0117, 2013 WL 3873948 (D. Md. July 24, 2013) and *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 29 F. Supp. 3d 566 (D. Md. 2014), for the proposition that the Board and USM can be held liable for discrimination and retaliation against a FSU employee, like Plaintiff.  (Pl. Opp. at 2-7.)  However, neither *Innes* nor *Jean* involved employment discrimination claims.  On the contrary, *Innes* involved defendants' alleged failure to accommodate deaf spectators at University of Maryland, College Park's Byrd Stadium and Comcast Center.  *Innes*, 29 F. Supp. 3d at 571.  Similarly, in *Jean*, a student at University of Maryland Baltimore County alleged that the

---

[2] The reference to an agent in the definition of employer under Title VII and the MFEPA does not alter this analysis.  As the Fourth Circuit explained in *Lissau*, the inclusion of "agent" in Title VII's definition of employer simply represents "an unremarkable expression of respondeat superior – that discriminatory personnel actions taken by an employer's agent may create liability for the employer."  *Lissau*, 159 F.3d at 180 (quoting *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994)) (internal quotation marks omitted).

defendants failed to provide her with accommodations for her disability. *Jean*, 2013 WL 3873948 at *1.

Unlike the plaintiffs in *Jean* and *Innes*, Plaintiff has asserted discrimination and retaliation claims based on his employment. As set forth above, the MFEPA only provides a private right of action against an individual's *employer*, and Plaintiff's complaint is devoid of factual allegations that he was employed by the Board or USM. Rather, the only factual (as opposed to conclusory) allegations establish that Plaintiff was employed by FSU alone. *See*, *e.g.*, Compl. at ¶ 12 (alleging that Plaintiff's employment contract with FSU was "not renewed" by letter dated December 13, 2018, from FSU President Nowaczyk); ¶¶ 22-24 (alleging that FSU's Interim Dean and Provost recommended that Plaintiff's contract not be renewed and that Plaintiff appealed their recommendation to the Faculty Appeals Committee pursuant to the procedures in FSU's faculty handbook). Plaintiff has not alleged that the Board or USM was involved in any way in any of the personnel actions challenged in his complaint.[3]

Thus, although the Board and USM may be subjected to liability in certain cases, Plaintiff has failed to allege that either the Board or USM employed Plaintiff or were involved in FSU's decisions with respect to his employment. Accordingly, the Board and USM should be dismissed from this employment dispute.

---

[3] The absence of any factual allegations that the Board or USM were involved in Plaintiff's employment further distinguishes the instant case from *Innes*, where the plaintiffs alleged that they had notified all of the defendants, including the Board, of their need for auxiliary aids. *See Innes*, 29 F. Supp. 3d at 570 (plaintiffs alleged that they "sent a letter to [d]efendants again requesting captions for announcements made on public address systems, the scoreboards, LED ribbon boards, and/or Jumbotron at Byrd Stadium and the Comcast Center and for those captions to be visible from all seats in each venue.").

## **CONCLUSION**

For the foregoing reasons, as well as those in Defendants' principal memorandum, the Court should dismiss Defendants Board of Regents of University System of Maryland, University System of Maryland, and President Nowaczyk from this action.

          Respectfully submitted,

          BRIAN E. FROSH
          Attorney General of Maryland

          /S/ LILLIAN L. REYNOLDS
          LILLIAN L. REYNOLDS (FED BAR 30225)
          Assistant Attorney General
          Higher Education Division
          200 St. Paul Place, 17th Floor
          Baltimore, Maryland 21202-2021
          Phone: (410) 576-6481
          Fax: (410) 576-6437
          lreynolds@oag.state.md.us

          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2021, Defendants' Reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss was served via this Court's ECF upon the following:

Neil Lebowitz
Lebowitz Law Firm
8180 Lark Brown Road, Suite 201
Elkridge, MD 21075
neil@lebowitzlegal.com
410-730-9010

*Attorneys for Plaintiff*

/s/ *Lillian L. Reynolds*
Lillian L. Reynolds