IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN deM. JENNINGS, Ph.D. | * |
| Plaintiff | * |
| v. | *   Civil Action No.:  ELH-21-0656 |
| FROSTBURG STATE UNIV., et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT MOTION FOR STAY

The parties, by and through their respective undersigned counsel and consistent with their recent teleconference with the Court, hereby jointly move this Honorable Court to enter a stay in the above-captioned case, and, in support thereof, state as follows:

1. As counsel for the parties informed the Court during a teleconference on February 2, 2024, the parties now have a fully-executed agreement in relation to the resolution of this action.  However, unlike the vast majority of such agreements, the approval of a state governmental entity, namely, the Maryland Board of Public Works, is mandated here.  And, rather significantly, in the absence of such approval by the Board, the agreement is rendered a nullity, thereby resulting in the parties continuing to proceed before the Court as if said agreement had never existed.

2. Moreover, for reasons also discussed by counsel and the Court on February 2nd, a brief motion may also be filed shortly concerning the parties' agreement.

3. As such, to allow time for the occurrence of these events (as well as the multi-payment disbursement of settlement monies to Plaintiff) while simultaneously

allowing the parties (and the Court) to disengage from active and contested litigation, the parties come jointly before the Court seeking a stay.

4. Barring the unforeseen, the parties' expectation is that, following the aforementioned events, they would jointly stipulate or move to dismiss the case with prejudice, and that this would occur within approximately six months.

5. It is well-settled, based upon Supreme Court precedent dating back decades, that this Honorable Court "retains inherent authority to stay a case so as to best manage its own docket and control the orderly progression of litigation." *Boger v. Citriz Systems, Inc.*, Civ. A. No. 8:19-cv-01234-PX, 2020 WL 1939702, at *1 (D. Md. Apr. 22, 2020) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Stated another way, the "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

6. Such an exercise in this case of the Court's "inherent authority" and "broad discretion" to stay the proceedings would offer significant value to the parties, preserve judicial resources, streamline the path forward, and clearly be in the interests of justice.

WHEREFORE, the parties hereby jointly request that this Honorable Court:

A. Enter an Order staying the case until further notice, subject to the right of any party to move to reopen;

B. And for all other and further relief that the nature of this cause may require.

Respectfully submitted,

| | |
|---|---|
| /s/ Neil R. Lebowitz | /s/ Michael E. Rowan[1] |
| Neil R. Lebowitz, Bar No.: 25155 | Michael E. Rowan, Bar No.: 27660 |
| Lebowitz Law Firm | Kathryn J. Bradley, Bar No.: 21242 |
| 5850 Waterloo Road, Suite 140 | Office of the Attorney General |
| Columbia, Maryland 21045 | 200 St. Paul Place, 17th Floor |
| neil@lebowitzlegal.com | Baltimore, Maryland 21202 |
| 410-730-9010 | mrowan@oag.state.md.us |
| Counsel for Plaintiff | kbradley@oag.state.md.us |
| | 410-576-6476 |
| | Counsel for Defendants |

---

[1] Digitally signed by Neil R. Lebowitz for Michael E. Rowan with Mr. Rowan's consent.

3