IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN deM. JENNINGS, Ph.D. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: ELH-21-0656 |
| FROSTBURG STATE UNIV., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>CONSENT MOTION TO LIFT STAY, APPROVE PARTIES'
SETTLEMENT ARGREEMENT, AND DISMISS CASE</u>**

Plaintiff Ryan deM. Jennings, Ph.D., by and through his undersigned counsel and with the consent of Defendants, hereby moves this Honorable Court to lift the stay presently in place, approve of the parties' Settlement Agreement and Release, and dismiss the case, with prejudice, and, in support thereof, states as follows:

1.  By Order entered February 6, 2024 (ECF Doc. 117), the Court stayed the above-captioned case[1] to allow time for certain events to play out in relation to the parties' settlement.

2.  One such event, as referenced during counsel for the parties' teleconference with the Court on February 2, 2024, was the future submission of a motion requesting the Court's approval of the settlement agreement. The reasoning behind moving for such relief, as Plaintiff is now doing, is to satisfy the parameters of the Internal Revenue Service's Publication 957,[2] which concerns social security and states, in pertinent part, as follows:

---

[1] As a preliminary matter, Plaintiff, with Defendants' consent, is asking for the Court to lift said stay in order to address the additional requests for relief below.

[2] This publication is available online at https://www.irs.gov/pub/irs-pdf/p957.pdf.

**SSA treatment of back pay under a statute.** Under the law, the SSA credits back pay awarded under a statute to an individual's earnings record in the period(s) the wages should have been paid. This is important because wages not credited to the proper year may result in lower social security benefits or failure to meet the requirements for benefits.

However, back pay under statute payments will remain posted to the employee's social security earnings record in the year reported on Form W-2 (or Form W-2c) unless the employer or employee notifies the SSA (in a separate, special report) of the back pay under a statute payment. Then, the SSA can allocate the statutory back pay to the appropriate periods.

If a back pay award is not made under a statute, the SSA credits back pay as wages in the year paid.

….

**Back Pay Under a Statute**

Back pay awarded under a statute is a payment by an employer following an award, determination, or agreement <u>approved</u> <u>or</u> <u>sanctioned</u> <u>by</u> <u>a</u> <u>court</u> or government agency responsible for enforcing a federal or state statute that protects an employee's right to employment or wages.

Examples of pertinent statutes include:

• Age Discrimination in Employment Act,
• Americans with Disabilities Act,
• Equal Pay Act,
• Fair Labor Standards Act,
• National Labor Relations Act,
• State minimum wage laws, and
• State statutes that protect rights to employment and wages.

Payments based on laws that have a similar effect to those listed above also may qualify as payments made under a statute.

….

If a court-approved or sanctioned settlement agreement states that the agreement is not an admission of discrimination, liability, or act of wrongdoing, the statement does not change the nature of a back pay award. The payments made in such a settlement may still be back pay and wages under the rules discussed here.

**Nonstatutory Back Pay**

A payment for back wages negotiated between an employer and employee without an award, determination, or agreement approved or sanctioned by a court or government agency, is not made under a statute. Delayed wage payments and

2

>   retroactive pay increases resulting from union negotiation or payments under local ordinances or regulations are back pay and are wages. However, they are not payments made under a statute.

IRS Pub. 957 at 2-3 (Rev. Jan. 2024) (underlined emphasis added) (bold emphasis in original). *See also* 20 C.F.R. § 404.1242.

      3.      This Publication bears a relationship to this case because Plaintiff, whose discrimination and retaliation claims against Defendants were brought under the federal Rehabilitation Act and Maryland's Fair Employment Practices Act, is a current recipient of social security benefits due to the worsening of his disability in or about September of 2022. Plaintiff was not the recipient of such benefits during his period of employment at Frostburg State University, which concluded in 2019, or in the years immediately thereafter.

      4.      Under the terms of the parties' Settlement Agreement and Release (hereinafter "Agreement"), Plaintiff received, among other relief, "W2 wages in the gross amount of $57,630 (less normal withholding and taxes), which is attributable to Plaintiff's alleged back pay arising out of his income losses in 2019-2020 and shall be processed through Frostburg State University's usual pay processing procedures." Agreement, submitted herewith as "Exhibit A."

      5.      To better ensure, for social security purposes, that this wage payment is attributed to the timeframe of its loss, Plaintiff is respectfully requesting that the parties' Agreement be "approved or sanctioned by [this] court." IRS Pub. 957 at 3.

      6.      In relation to said approval, it's obviously fair to say that the parties themselves have already approved of the Agreement, as demonstrated by their execution thereof. The Maryland Board of Public Works also, thereafter, likewise approved of the Agreement. *See* Board of Public Works's Action Agenda for March 13, 2024 at 26, submitted herewith as "Exhibit B." Plaintiff would posit that there is nothing unfair, objectionable, or unreasonable

with regard to the terms of the Agreement, which were reached with the assistance of (then Magistrate) Judge Brendan A. Hurson[3] and resulted from good faith, arms-length negotiations between parties represented by counsel. As such, Plaintiff is asking this Honorable Court, following its review of the Agreement, to reach the same conclusion.[4]

7.      Unless the Court has questions or concerns regarding its approval of the Agreement, in which case Plaintiff is desirous of a hearing on his Consent Motion, *see infra* (Conditional) Request for Hearing, Plaintiff lastly moves the Court, following said approval, to dismiss the case, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

8.      Defendants have consented to the relief being sought by Plaintiff herein.

WHEREFORE, Plaintiff Ryan deM. Jennings, Ph.D., with the consent of Defendants, hereby respectfully requests that this Honorable Court:

A.      Enter an Order lifting the stay presently in place, approving of the parties' Settlement Agreement and Release, and dismissing the case, with prejudice;

B.      And for all other and further relief that the nature of this cause may require.

---

[3] There is an argument to be made this this dynamic already renders the agreement "sanctioned by a court." IRS Pub. 957 at 3. However, Plaintiff still desires the relief requested herein to help remove ambiguity.

[4] The parties agree (and defense counsel was shown and approved of the content of this Consent Motion before its filing) that the Agreement itself is neither nullified, voided, nor rendered unenforceable in any way should the Court elect to deny the relief requested by Plaintiff herein. The Court doing so would only have potential implications for Plaintiff's social security and nothing else. This is not a situation, as is the case with a statute like the Fair Labor Standards Act, where the Court's approval is a necessary condition for an enforceable release. The parties here concur that their Agreement remains both enforceable and binding between them, regardless of the Court's ruling on this Consent Motion.

                Respectfully submitted,

                   /s/  Neil R. Lebowitz
                Neil R. Lebowitz, Bar No.: 25155
                Lebowitz Law Firm
                5850 Waterloo Road, Suite 140
                Columbia, Maryland 21045
                neil@lebowitzlegal.com
                410-730-9010
                Counsel for Plaintiff

## **(CONDITION) REQUEST FOR HEARING**

In the event that the Court has any questions or concerns regarding the relief requested herein, particularly in relation to the request for approval of the parties' Agreement, Plaintiff hereby respectfully requests a hearing on his Consent Motion in order to allow him the opportunity to address any such questions or concerns in advance of the dismissal of the case.

                Respectfully submitted,

                   /s/  Neil R. Lebowitz
                Neil R. Lebowitz, Bar No.: 25155
                Lebowitz Law Firm
                5850 Waterloo Road, Suite 140
                Columbia, Maryland 21045
                neil@lebowitzlegal.com
                410-730-9010
                Counsel for Plaintiff