IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN deM. JENNINGS, Ph.D.           *

        Plaintiff                    *

        v.                           *           Civil Action No.:  ELH-21-0656

FROSTBURG STATE UNIV., et al.       *

        Defendants                   *

*    *    *    *    *    *    *    *    *    *    *    *    *

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is made this _31st_ day of January, 2024, by and between Ryan deM. Jennings, Ph.D. ("Plaintiff"), on the one hand, and the State of Maryland, the University System of Maryland, the Board of Regents of the University System of Maryland, Frostburg State University, and Frostburg State University President Ronald H. Nowaczyk, Ph.D. (in his official capacity) ("Defendants"), on the other hand (collectively the "Parties").

### RECITALS

WHEREAS, on October 30, 2020, Plaintiff filed a lawsuit against Defendants in the Circuit Court for Allegany County, and on March 16, 2021, Defendants removed the action to the United States District Court for the District of Maryland ("District Court"), *Ryan deM. Jennings, Ph.D. v. Frostburg State University et al*, Civil Action No. 1:21-CV-00656 ELH (the "Lawsuit"); and

WHEREAS, Defendants deny any and all responsibility or liability for the claims asserted by Plaintiff; and

WHEREAS, to avoid the uncertainty and expense of further litigation, Plaintiff and Defendants desire to resolve fully and finally all issues and disputes between them involving the matters alleged in the Lawsuit, without any admission of liability;

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration as is more fully described below, Plaintiff and Defendants agree as follows:

### AGREEMENT

A.    The parties to this Settlement Agreement and Release ("Settlement Agreement") are the Plaintiff and Defendants. Except for the parties released by this Settlement Agreement, no other person or entity shall be deemed a third-party beneficiary of this Settlement Agreement.

B.    This Settlement Agreement applies to, is binding upon, and inures to the benefit of the Plaintiff (and Plaintiff's successors and assigns) and the Defendants (and their successors, assigns, and designees).

C.    This Settlement Agreement shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of any of the Defendants, the State of Maryland, or any other person affiliated with the State of Maryland or any of the Defendants.

D.    Each undersigned representative of the Parties to this Settlement Agreement certifies that the representative is fully authorized by the Party or Parties which the representatives represent to enter into and execute the terms and conditions of this Settlement Agreement and to legally bind such Party or Parties to this Settlement Agreement.

E.    This Settlement Agreement constitutes the complete, final, and entire understanding of the Parties hereto concerning the matters addressed herein, and the Parties shall not be bound by any terms, conditions, covenants, or representations not expressly herein contained concerning said matters. To the extent this Settlement Agreement references other documents, those documents are referenced for informational purposes only and are not thereby incorporated by reference into, and do not constitute a part of, this Settlement Agreement. All prior conversations, meetings, discussions, drafts, and writings of any kind concerning the subject of the Parties' settlement are specifically superseded by this Settlement Agreement.

F.    This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the agreement to be drafted.

G.    This Settlement Agreement may be executed in any number of counterpart originals, each of which shall be deemed to constitute as original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

H.    Subject to the approval of the Maryland Board of Public Works and identification of available appropriated funds, as provided in sub-paragraphs 1 through 3 below, the State of Maryland (the "State") shall pay to the Plaintiff the total sum of $250,000.00 (Two Hundred Fifty Thousand Dollars) (the "Settlement Amount") to settle and compromise all claims for damages, attorneys' fees and costs released herein in the form of checks made payable as set forth in sub-paragraph 2 below.

1.    Defendants shall promptly submit a request for approval of this Settlement Agreement to the Maryland Board of Public Works under the policies of the Board of Public Works.

2.    Upon approval of the Maryland Board of Public Works, the Settlement Amount shall be payable as follows:

a.    The amount of $200,000 (Two Hundred Thousand Dollars) (the "First Installment") shall include payment to the Plaintiff, Ryan deM. Jennings, Ph.D., in the form of W2 wages in the gross amount of $57,630 (less normal withholdings and taxes), which is attributable to Plaintiff's

alleged back pay arising out of his income losses in 2019-2020 and shall be processed through Frostburg State University's usual pay processing procedures. The remaining balance of the First Installment ($142,370) is attributable to Plaintiff's alleged noneconomic damages plus his attorney's fees and costs and shall be paid via check made payable to Ryan deM. Jennings, Ph.D. and Neil Lebowitz, Esq., as attorney for Ryan deM. Jennings, Ph.D. This First Installment shall be paid promptly after the Maryland Board of Public Works's approval of the Settlement Agreement.

b.    The amount of $50,000 (Fifty Thousand Dollars) (the "Second Installment"), which is also attributable to Plaintiff's alleged noneconomic damages plus his attorney's fees and costs, shall be paid promptly after July 1, 2024, via check made payable to Ryan deM. Jennings, Ph.D. and Neil Lebowitz, Esq., as attorney for Ryan deM. Jennings, Ph.D., and shall conclude the Defendants' payment obligations under this Settlement Agreement.

c.    Other than the portion of the Settlement Amount paid as back wages, checks shall be delivered to Neil Lebowitz, Esq. at the Lebowitz Law Firm, 5850 Waterloo Road, Suite 140, Columbia, Maryland 21045, via hand-delivery or via overnight delivery/mail with an assigned tracking number. Other than the portion of the Settlement Amount paid as back wages, Neil Lebowitz, Esq., shall be responsible for disbursement of the settlement funds between Plaintiff and Mr. Lebowitz's firm.

3.    The obligation of the State to make payment of the Settlement Amount set forth in this Paragraph H is subject to: (1) approval by the Board of Public Works; and (2) the identification by the State of funds to satisfy the Settlement Amount. If the Board of Public Works rejects the payment of the Settlement Amount by the State under this Settlement Agreement, or if the State provides notice to the Plaintiff that it has been unable to identify funds to satisfy the Settlement Amount, the Plaintiff shall have the right to prosecute his Lawsuit against the Defendants as though this Settlement Agreement had never been entered into. The Parties agree to cooperate with one another in interacting with the District Court to ensure that the Lawsuit remains open and is not dismissed with prejudice unless and until the Board of Public Works approves the Settlement Agreement and both the First Installment and Second Installment are paid by the State.

I.    Plaintiff acknowledges and agrees that he is and will be solely and entirely responsible for the payment and discharge of all of his federal, state, and local taxes which may, at any time, be found to be due by him as a result of the payment of the Settlement Amount and Defendants and the State make no representation as to the tax consequences or tax treatment of the Settlement Amount. He further acknowledges that the State may

3

withhold taxes and other required payroll deductions for the portion of the Settlement Amount allocated as back wages. Plaintiff further agrees to indemnify and hold Defendants and the State harmless from any claim or liability for any such taxes and related penalties and/or interest in the event that such taxes, penalties and/or interest are assessed against Defendants or the State by the U.S. Internal Revenue Service or any other taxing authority.

J.    The Older Workers Benefit Protection Act requires that certain disclosures be made and that certain rights be afforded employees as a condition of waiving claims under the Age Discrimination in Employment Act of 1967, as amended.

1.    Plaintiff acknowledges that he has been adequately informed of the following protections required by law:

a.    That this Settlement Agreement contains a release of certain claims, including a release of claims under the Age Discrimination in Employment Act; and

b.    That the Settlement Agreement does not apply to claims that may arise after the date that Plaintiff executes this Settlement Agreement.

2.    Plaintiff acknowledges that he has been provided a period of twenty-one (21) days from his receipt of this Settlement Agreement to sign and deliver this Settlement Agreement to the Defendants or their attorneys, although Plaintiff may choose to sign and deliver this Settlement Agreement sooner. By signing this Settlement Agreement, Plaintiff expressly acknowledges that his decision to do so was made voluntarily and of his own free will.

3.    Plaintiff understands that he may revoke this Settlement Agreement at any time up to and including seven (7) days after his execution of this Settlement Agreement, and that Plaintiff's execution of this Settlement Agreement shall not become effective until the expiration of seven (7) days from its execution by Plaintiff. Any revocation pursuant to the terms of this Settlement Agreement must be in writing and delivered within this seven-day period to the Office of the Attorney General, Michael Rowan, Assistant Attorney General, 200 St. Paul Place, 17th Floor, Baltimore, Maryland 21202, with a copy delivered by email to mrowan@oag.state.md.us.

4.    Plaintiff acknowledges having been advised by Defendants to consult with an attorney of Plaintiff's own choosing concerning the terms of this Settlement Agreement before executing it and that Plaintiff has done so.

K.     Within 10 business days of his receipt of the payment of the Second Installment of the Settlement Amount as described above (and if the First Installment had been previously paid as well), Plaintiff shall dismiss the Lawsuit, with prejudice.

L.     Plaintiff acknowledges that no representation of fact or opinion has been made by Defendants to induce this compromise with respect to the extent or nature of any injuries or damages or as to the likelihood of future complications, or recovery therefrom, and that the consideration set forth herein is solely by way of compromise of the disputed claims, and to foreclose all possibility of any future claims based upon acts, errors or omissions which occurred prior to the date of this Settlement Agreement, whether known or unknown, and that, in determining said consideration, there has been taken into consideration the fact that unexpected consequences may result, known or unknown, and it is therefore specifically agreed that this Settlement Agreement shall be a complete bar to all claims or suits for injuries or damages of whatsoever nature relating to the matters that were alleged, or that could have been alleged, in the Lawsuit, or that relate to the incident or incidents giving rise to the Lawsuit.

M.     Plaintiff hereby covenants and agrees not to sue any person, firm, corporation, association or government entity for any claims, demands, damages, actions, causes of action or suit at law or in equity, of whatever kind or nature, whether known or unknown, suspected or unsuspected, arising out of or relating, in any way, to the matters that were alleged, or that could have been alleged, in the Lawsuit, or that relate to the incident or incidents giving rise to the Lawsuit.

N.     Plaintiff covenants and agrees for himself, his successors, administrators and assigns, to indemnify and save any of the Defendants and/or Releasees harmless if any of them are found to be liable to pay anyone as a result of any suit initiated by or through Plaintiff, or on his behalf, demanding the same or similar damages claimed by Plaintiff against Defendants in the Lawsuit, and to pay on behalf of Defendants and/or Releasees, reasonable attorney's fees, court costs, or other reasonable costs of litigation which they may incur in any case, cross claim, or third party claim filed as a consequence of Plaintiff filing suit against any person or entity not released herein demanding the same or similar damages claimed in the Lawsuit.

O.     Plaintiff, for himself, his successors, administrators and assigns, covenants and agrees to execute such instruments, documents, or further assurances as may be necessary to carry out Plaintiff's obligations hereunder, including the waiver or release of any verdict or judgment entered in favor of Plaintiff and against someone other than Defendants and/or Releasees by the amount of any verdict or judgment said person or entity obtains against any of the Defendants and/or Releasees for indemnification or contribution.

P.      Plaintiff acknowledges that it is his sole responsibility to satisfy any and all liens, known and unknown, arising out of the Lawsuit and the events giving rise to the Lawsuit.

Q.      This Settlement Agreement is governed by, and interpreted according to, the laws of the State of Maryland without regard to conflict of laws principles.

R.      This Settlement Agreement may not be modified or changed orally, but only by an agreement in writing signed by all of the Parties.

S.      The Parties represent that prior to signing this Settlement Agreement, each has read it, understood its terms and conditions, consulted with counsel, and voluntarily signed it.

## RELEASE

T.      Upon payment of the Settlement Amount, in full and final settlement of the Plaintiff's claims, the Parties agree that the following release of claims shall become effective:

> Plaintiff, being of lawful age, for himself and any claiming through him, his heirs, executors, administrators and assigns, does hereby release, acquit and forever discharge the Defendants and the State of Maryland, as well as their respective successors and assigns, departments, divisions, units, current and former officials, current and former officers, current and former agents, current and former servants, current and former representatives, current and former employees and current and former independent contractors and any and all other persons, associations, corporations and government entities, whether or not named herein or referenced, who together with the Defendants may be jointly or severally liable to the Plaintiff (the "Releasees"), from all claims, demands, actions, causes of action, suits, damages, losses, attorneys' fees and expenses of each and every kind, type or nature whatsoever, whether known or unknown, raised in the Lawsuit, which could have been raised in the Lawsuit, or which relate in any way to the matters alleged in the Lawsuit.

6

PLAINTIFF:

Ryan deM. Jennings, Ph.D.

_____     Jan 31, 2024
                                    _____
                                    Date

FOR THE DEFENDANTS:

_____     1-31-24
Ronald H. Nowaczyk, Ph.D.           _____
                                    Date

Approved for legal sufficiency:

_____     1/31/24
Michael Rowan and Kathryn J. Bradley   Date
Assistant Attorneys General

7